## SAMUEL LINDLEY

*v.*

## SILAS SMITH *et al.*

1. CHANCERY—*correction of mistakes.* A court of chancery will correct a mistake in a conveyance, but will not, under the pretext of correcting a mistake, make that a conveyance which is not in itself a conveyance. A court of chancery can not give life to an instrument which has no vitality in itself.

2. CONVEYANCE—*by married woman.* A married woman can convey her land only in the manner prescribed by the statute in existence at the time she makes the deed. To make the deed effectual, all the forms and solemnities required by the statute should be observed.

3. SAME—*delivery.* Conveyances by married women for the transfer of their real estate or dower interest, do not take effect by delivery, as other deeds, but only by being acknowledged in the statutory mode. An acknowledgment not in the mode prescribed, must render the deed useless as a conveyance of title.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Mr. R. L. DULANEY, and Mr. R. W. THOMPSON, for the plaintiff in error.

Mr. JOHN SCHOLFIELD, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, to correct a mistake in the certificate of acknowledgment of a married woman, of a deed conveying land to which she held the legal title.

The defect in the certificate of acknowledgment by the justice of the peace, appears to be that he did not state therein that the wife was personally known to him as the real person whose name was signed to the deed as having executed the same.

The statute on this subject is as follows: "When any husband and wife residing in this State, shall wish to convey the real estate of the wife, it shall and may be lawful for the said

husband and wife, she being above the age of eighteen years, to execute any grant, bargain, sale, lease, release, feoffment, deed, conveyance or assurance in law, whatsoever, for the conveying of such lands, tenements and hereditaments, and if, after the execution thereof, such wife shall appear before some judge or other officer authorized by this chapter to take acknowledgments, to whom she is known, or proved by a credible witness, to be the person who executed such deed or conveyance, such judge or other officer shall make her acquainted with and explain to her the contents of such deed or conveyance, and examine her, separate and apart from her husband, whether she executed the same voluntarily, freely and without compulsion of her said husband; and if such woman shall, upon such examination, acknowledge such deed or conveyance to be her act and deed, that she executed the same voluntarily and freely, and without compulsion of her husband, and does not wish to retract, the said judge or other officer shall make a certificate, indorsed on or annexed to such deed or conveyance, stating that such woman was personally known to the said judge or other officer, or proved by a witness (naming him), to be the person who subscribed such deed or conveyance, and setting forth the examination and acknowledgment aforesaid, and that the contents were made known and explained to her; and such deed, (being acknowledged and proved according to law as to the husband), shall be as effectual in law as if executed by such woman while sole and unmarried. No covenant or warranty contained in any such deed or conveyance, shall in any manner bind or affect such married woman or her heirs, further than to convey from her and her heirs, effectually, her right and interest expressed to be granted or conveyed in such deed or conveyance." Scates' Comp. 963.

The general doctrine contended for by plaintiff in error, is undoubtedly correct, that a court of equity will rectify mistakes in conveyances. His citations of cases·abundantly show this, but no one of the many cases he has cited is like this. The question here is, will a court of chancery make that a

conveyance which is not in itself a conveyance, under the pretext of correcting a mistake. Here is no mistake of any of the parties to this deed. The trouble is that the certifying officer omitted in his certificate the statement of a fact, without which the deed is a nullity. A married woman can convey her land only in the manner prescribed by the statute in existence at the time she makes the deed. To make her deed effectual, all the forms and solemnities required by the statute must be observed. When it is considered that conveyances by married women, for the transfer of their real estate or dower interest, do not take effect by delivery as other deeds, but only by being acknowledged in the statutory mode, an acknowledgment not in the mode prescribed, must render the deed useless, as a conveyance of title. A court of chancery can not give life to an instrument which has no vitality of itself.

This is undoubtedly a hard case upon the plaintiff in error, but he should have ascertained before he paid his money, that Mrs. Smith had been legally divested of her title. We see no way by which we, in the exercise of our legitimate powers, can extend relief, and can do no otherwise than to affirm the decree.

*Decree affirmed.*