## WILLIAM P. KERR

### v.

## CORNELIA RUSSELL.

1. DEED—*greater strictness required to pass wife's estate.* Greater strictness is required, where a married woman seeks to convey her own real estate, than where the estate of the husband is conveyed, for the reason that her deed does not take effect by delivery, as in the other case. Her deed for her estate becomes operative only by her acknowledgment in the mode prescribed by statute.

2. ACKNOWLEDGMENT OF DEED—*sufficiency of proof to overcome certificate.* The unsupported testimony of a party to a deed, that he did not execute it, will not prevail over the official certificate of the officer taking the acknowledgment thereof.

3. SAME—*law authorizing, with respect to married woman, a substitute for fine and recovery at common law.* The statute authorizing certain officers to take the private examination of a wife to a conveyance, is a substitute for the proceeding at common law by fine and recovery, whereby the rights of the wife, on the one hand, may be guarded, and, on the other hand, the rights of the grantee may be assured.

4. SAME—*certificate of, how impeached.* As a fine and recovery at common law was subject to impeachment for fraud, so the certificate of the acknowledgment of a deed by a wife may be impeached, but the proof to

sustain such a charge must be of the clearest, strongest, and most convincing character, and by disinterested witnesses.

5. SAME—*innocent purchasers may rely upon official certificates of, appearing on record.* An innocent purchaser of land has a right to rely upon the record of a deed which shows, upon its face, that a wife has executed and properly acknowledged a deed with her husband, and the wife will not be allowed to avoid the same, as to such a purchaser without notice by showing her signature to be a forgery, and that she never, in fact, acknowledged the same.

6. SAME—*certificate of, as to wife, is in the nature of a judicial act.* The act of an officer in taking the privy examination of a wife, and her acknowledgment of a deed, is in the nature of a judicial act, and no other evidence than the certificate can be received to prove the fact, and public policy forbids that the certificate shall be impeached, after a lapse of years, by the slippery testimony of witnesses.

7. SAME—*proof that signature to deed is not in the grantor's handwriting, does not overcome the officer's certificate.* Where the official certificate to a deed shows that the wife, on a privy examination, acknowledged the execution thereof, which includes signing, and that she freely and voluntarily relinquished her dower, etc., as required by law, proof that the signature to the deed is not in her handwriting, is immaterial, and will not overcome the evidence afforded by the certificate.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a petition by Cornelia Russell against William P. Kerr, Charles B. Phillips, John Phillips, Charles H. Atkins and the South Park Commissioners, to recover dower in the south-west quarter and the south-east fractional quarter of section 13, township 38 north, range 14 east, in Cook county.

The petitioner married John B. F. Russell January 31, 1835, and cohabited with him until his death, on January 3, 1861. It appears that her husband was seized of the lands during coverture, but that, on June 31, 1837, the husband conveyed the same to one Francis Peyton, a brother of the petitioner, which deed purported to be signed and acknowledged by the petitioner. Through this conveyance, the defendant, Kerr, derived title, and the defendants claim through him. The petition was filed seven years, less one day, after

the death of the petitioner's husband.   The petitioner, on the hearing, rested her claim upon three grounds:  1. Because the acknowledgment of the Peyton deed was defective.   2. Because the signature thereto, purporting to be her own, was a forgery ; and, 3, because she never acknowledged the same.

On the hearing the court below granted the relief sought in the petition, from which decree William P. Kerr appealed.

Messrs. GOOKINS & ROBERTS, and Messrs. MONROE, BISBEE & GIBBS, for the appellant.

Messrs. MORRIS & FORRESTER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case does not differ very materially from the case of *The Calumet and Chicago Canal and Dock Company* v. *Russell*, 68 Ill. 426, which we have discussed at some length.   The case is based on substantially the same grounds, namely : defects in the certificate of acknowledgment, proof furnished, by her own testimony that she did not acknowledge the execution of the deed, and further, that the signature to the deed is not her handwriting.   This point was not in the case, *supra*.

The first ground we have fully explored, reaching the conclusion that the certificate, taken as an instrument of writing, is in substantial conformity with the statute.   We reviewed the authorities on this point, and could come to no other conclusion, and we are entirely satisfied with what was there said.

It may be said, in view of some of the cases cited, decided by this court, that greater strictness is required, where a married woman seeks to convey her own real estate, for the reason the deed does not take effect by delivery, as in the case of a conveyance by a husband and wife conveying his estate, in which the wife has but an inchoate, uncertain and expectant inter-

est, which may never be consummated. In the first case, her deed becomes operative only by her acknowledgment in the mode prescribed by the statute. Until so acknowledged, it has no vitality. *Lindley* v. *Smith et al.* 58 Ill. 250.

In the latter case, the great purpose of the law is subserved, that her relinquishment of this uncertain right is not obtained by fraud or compulsion, but is her own free and voluntary act.

Upon the second ground, that, by reason of her absence from Chicago during the year 1837, it was physically impossible for her to have executed the deed and acknowledged the same, we are of opinion, after maturely considering all the testimony on this point, that it greatly preponderates in favor of the fact of her presence at her home, in Chicago, during the whole or greater part of that year, and in the month in which the deed purports to have been executed. The testimony of appellee is not supported by any witness. and, considering its whole character as it appears in this record, it is not satisfactory, and it is contradicted by four or more reputable, disinterested witnesses, who prove her presence there by circumstances which force conviction even upon the unwilling mind.

The records of the county of Cook, in which was her residence, show, most incontestably, deeds purporting to have been executed by appellee and her husband for valuable property, in different months of that year, which she now testifies she never signed or acknowledged, and all of which purport to bear her signature. There are near a score of such deeds, and we can not conceive it to be within the range of reasonable probability, that she did not execute them, one and all.

We have referred to the case of *Lickmon* v. *Harding*, 65 Ill. 505, in which this court said, the unsupported testimony of a party to a deed, that he did not execute it, shall not prevail over the official certificate of the officer taking the acknowledgment. Public policy, the security of titles, the

peace of society, demand such a rule, and a strict adherence to it.

This court has often said, that the provision of the law authorizing a justice of the peace, or other designated officer, to take the private examination of the wife, was designed as a substitute for the proceeding at common law by fine and recovery, whereby the rights of the wife, on the one hand, might be guarded, and a sure, indefeasible and unquestionable transfer of her right secured on the other. It can not be supposed, whilst the legislature were protecting the wife, they had no regard to the importance of inspiring confidence in the title. They knew well the ruinous consequences which would ensue from doubt and uncertainty as to titles to land, and nothing better calculated to create such doubts could be conceived, than the privilege, at any period, no matter how remote, of alleging and proving that the certificate of the magistrate is false. The proceeding by fine and recovery never could be contradicted; why, then, should its substitute be subjected to that test. No man could be content with a title, in all respects perfect upon its face, when, upon the death of his vendor, his widow, with the assistance of the magistrate, or without it, as in this case, may undo what they have solemnly done, and without the possibility of contradiction, since the magistrate and the wife are alone privies and parties to her examination. Of what value would privy examinations be, where the wife has been quiet during the lifetime of her husband, and conjures up, at a remote day, objections, which are allowed to prevail? Who would take a deed to which a married woman is a party, with these probable direful results staring him in the face? Everything in relation to titles would be thrown into utter confusion, and irretrievable mischief would be the certain consequence.

We do not wish to be understood as holding, either in the *Lickmon* case or in this, or the case first herein referred to, that the certificate of acknowledgment may not be impeached for fraud. A fine and recovery was so subject. The proof to

sustain such charge is required to be, however, of the clearest, strongest, and of the most convincing character, and by disinterested witnesses. It shocks the moral sense of community to say, the unsupported testimony of an interested witness, who sees a fortune in his success, shall destroy the deliberate act of an officer appointed by law to do the act he certifies, under the solemn sanctions of an oath, he has done. Such is not the law, such is not justice, and such a rule would throw land titles into chaos.

There is another consideration connected with this point we have heretofore failed to notice. A party buying land inspects the public records, especially the record of deeds. He sees upon it a deed, executed with all legal formalities, including the relinquishment of dower by the wife. Everything is substantially as the law requires. He makes the purchase from the grantee in that deed, paying a large sum of money; takes possession; makes valuable improvements, in the confident security the recorded facts impose. Not a whisper is heard of an adverse claim—not a syllable that the wife has not relinquished her dower knowingly, voluntarily and freely, as the record told him. until years after the death of the first grantor occurs. The widow then, for the first time, says she never relinquished her dower; the certificate is a fraud and a forgery; she never signed the deed; the signature is not in her handwriting, and proposes to prove it by her own oath. Is an innocent purchaser for value, without notice of anything of this kind, to suffer? Can she avoid the deed as against him? Reason, justice, common honesty, say not. On general principles, a purchaser for value, without notice of any adverse claim or secret equities, can not be disturbed, and we see no reason why the same rule should not prevail in kindred cases. Some of these considerations are found and forcibly urged in the case in 11 Leigh (Va.), 294, *Harkins v. Forsythe.* The statute of Virginia entrusted to two magistrates the examination of a *feme covert* touching the execution of a deed, to take her acknowledgment, and to certify

their act to the clerk of the court, in order to its being recorded, as in this State. It vested them with the power of doing, *in pais,* for the convenience of the parties, what it was the province of a court to do in proceedings by fine and recovery. It authorized them to take that privy examination which. in the levy of a fine, constituted a part of a judicial proceeding, and never could be contradicted. It empowered them to take and certify the examination and acknowledgment, which it also makes one of the functions of its courts of justice, and thus appears to invest them with an authority judicial in its nature. But, above all, it constitutes their certificate the authentic and sole medium of proving that the *feme covert* has acknowledged the deed with all the solemnities required by the statute. No other testimony can be admitted of the fact. (*Ennor* v. *Thompson,* 46 Ill. 221.) Indeed, from the secret character of the proceeding, none other can exist as to the fact. And the court say, when, to these considerations, we add, that the very object of the privy examination and certificate is, to complete, consummate and make final the contract between the parties, it must be conceded there can be no act *in pais* of the officers of the law entitled to greater sanctity than this. The court close by saying, this solemn consummation of a contract, under the sanction of the magistracy, must not be rendered nugatory and void, after the lapse of years, by the slippery testimony of witnesses.

This reasoning applies with as much force under our statute. We held, in the *Lickmon* case, *supra,* that the act of the officer was judicial in its nature, and it must have the effect of all such judicial acts.

A case strongly bearing in the same direction, is *Montgomery* v. *Hobson,* Meigs, (Tenn.) 437. To the same effect is *Williams* v. *Hobson,* 6 Ohio State R. 510.

In *Pumphrey* v. *Pumphrey,.* 4 West. Law Monthly, 40, it was held, if a married woman be persuaded, by fraudulent statements as to the nature of the consideration her husband is to receive, to join in a conveyance of *his* land; she will not

be barred of her dower, except as against a *bona fide* purchaser without notice of the fraud.

We are satisfied, from the evidence, appellee was present in Chicago the greater part of the year in which this deed was executed; that her acknowledgment of its execution and relinquishment of dower is in substantial compliance with the statute, and concludes her forever from asserting any claim to dower.

On the point, that the signature is not her handwriting, her testimony in this respect has some support from that of Mr. Farwell, who, familiar with her handwriting, testifies he is quite certain it is not her handwriting. The deed is destroyed, and cannot be subjected to the scrutiny of others equally or more familiar with her handwriting, but we regard the fact as wholly immaterial. It is enough, she has acknowledged in the mode prescribed by the statute, and before a proper officer, that she did execute the deed, which includes signing and sealing, freely and voluntarily, and relinquished her dower to the land described in it. and all this without the fear or compulsion of her husband. It is of no importance who put her name to the deed, so long as it is of record that she acknowledged the signature.

Is my deed less binding upon me, because I did not put my name to it, but another person did, by my direction or not by my direction, and I present myself before the proper officer, with the deed, and acknowledge its execution, and he so certifies, and it goes to the record with this official impress upon it? Shall I be permitted to say, long years after, when the magistrate is dead. I never signed the deed? No. There stands the record, and there it will stand forever.

We see no merits in this case. More than thirty-four years have passed since the deed was executed and acknowledged, when appellee was a gay, fashionable lady, not more than twenty-three years of age, caring and knowing nothing about her husband's business, as she herself states. The mutual confidence and affection subsisting between them

43—69TH ILL.

forbids the idea she would refuse to sign a deed her husband requested her to sign, or that he would resort to forgery of her name to consummate a sale, or that her brother, the grantee in the deed, should connive at it. The idea is preposterous.

Believing the case so clear for appellants on this, the main branch of the case, we have not deemed it necessary to consider, very attentively, the other phase in which it is presented, but, from all that appears, on the settlement with her brother, appellee received other lands and property in lieu of this, which, the evidence inclines us to believe, was part of the land purchased by her husband with the money given her by her father. But it is unnecessary now to consider the facts in relation to those transactions. Appellee has once voluntarily and freely relinquished her dower in this land, and can not now resume it.

The decree of the Superior Court is reversed and the bill dismissed.

*Decree reversed.*