FRANK STODALKA *et al.*

*v.*

JOSEF NOVOTNY.

*Filed at Ottawa, January* 19, 1893.

144 125
81a 175

144 125
e187 4391

144 125
95a 2244

144 125
e105a 63

144 125
208 12244

1. HOMESTEAD — *how conveyed.* All deeds or other instruments for the alienation of the homestead of a party, whatever may be their language, are invalid as affecting the homestead, unless it shall be released or waived in the manner prescribed by the statute.

2. SAME — *contract for the sale of a homestead — its essentials.* A contract for the sale or conveyance of land which is a homestead, must not only contain a special release of the homestead right, but it must also be in writing and subscribed by the person in whose favor the homestead exists, with his or her wife or husband, if he or she has one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged.

3 SAME — *imperfect contract of sale — reforming and enforcing specific performance.* Where the written contract of a husband and wife for the conveyance of their homestead contains no release of the right of homestead, and is not acknowledged as required by law, a court of equity can not specifically enforce the same by reforming the same in accordance with the verbal contract. although the omission of such release and acknowledgment may be the result of mistake or ignorance of the officer drafting the same.

4. A court of equity has no power to reform a contract for the sale of a homestead by the insertion therein of a release of that right and an acknowledgment, and then to enforce specific performance. Such court can not give life to an instrument which has no vitality in itself.

APPEAL from the Circuit Court of Cook county ; the Hon. EDWARD P. VAIL, Judge, presiding.

This was a bill for reformation of a contract in writing, entered into November 24, 1889, between the parties, by which, in consideration of the agreement of Novotny to pay Stodalka and wife $3475, in the manner following: $100 earnest money in hand, and the balance on the 1st day of June, 1890, etc., Frank Stodalka and Josefina Stodalka " covenanted and agreed to convey and assure to said party of the second part " (Novotny) " in fee simple, clear of all incumbrances whatever,

by a good and sufficient deed, the lot, piece or parcel of ground,"
etc., describing it, with the buildings and improvements thereon.
It was further agreed that on the failure of Novotny to make the
payments, or any of them, as stipulated, the contract, at the
option of the first party, should be forfeited and determined,
and all previous payments retained as liquidated damages.
Time is made the essence of the contract, etc. The bill as
originally filed averred the readiness and willingness of No-
votny to perform; the payment of the $100 at the execution
of the contract; that he demanded abstracts as provided for in
said agreement, but defendants refused to deliver the same;
that on the 31st of May and again on the 2d of June, 1890,
he tendered the sum of $3375, being the balance of the pur-
chase-price agreed upon, and requested the said Frank and Jo-
sefina Stodalka to deliver to him a sufficient warranty deed
conveying the land free of all liens and incumbrances, includ-
ing the release of dower and homestead; that they absolutely
refused to accept said money and execute said deed, and noti-
fied him that they would not then, or at any other time, carry
out said contract, etc. The prayer was that they be required
to convey by warranty deed, free from all liens, including
homestead and dower, etc. The bill was afterward amended
so as to allege that prior to the time of reducing the contract
to writing, the parties had agreed that Novotny should pur-
chase the premises in said contract mentioned, for the price
therein set forth, and that the defendants should execute to
him a warranty deed, containing, in addition to the covenants
of warranty, the release of the dower right of said Josefina
Stodalka, and the homestead right of each of said defendants
in said premises, and that they would deliver up to Novotny,
on the 1st day of June, 1890, upon payment of the sum of
$3375, possession and control of said premises. It is then al-
leged that complainant is a Bohemian, unacquainted with the
English language, and with ways and methods of buying and
selling real estate, and that the parties went together to the

house of one John Dvorak, a notary public, stated to him said agreement, and requested him to reduce the same to writing; that said notary, through ignorance, etc., neglected in said contract to make provision for the release of the dower right of the defendant Josefina, or of the homestead rights of the defendants in said premises, " and neglected, through ignorance as aforesaid, to acknowledge " the said contract. It is then alleged, that although the contract, through the ignorance and mistake of said notary, failed to provide for the release of the homestead and dower rights before mentioned, that the true and real intention of the parties to said contract was, that the same should be released and waived in accordance with the statute, etc. The prayer was also amended, " that said contract may be corrected and rectified so as to show the true intent and meaning of the parties."

Answer was filed admitting the ownership of the property in fee, and the entry into the contract set forth in the original bill, but denying that complainant had been willing or offered to perform the same; charges that he refused to do so; denies that they notified complainant that they would not accept the purchase-money, and deliver a warranty deed in accordance with the contract; avers that on the contrary they offered to carry out said agreement and deliver a warranty deed in accordance therewith, and that he refused to accept it, and traversing the remaining allegations of the bill, etc. Upon hearing, the court found that the parties entered into the written contract mentioned, and that through mistake and ignorance of the notary public in drafting the contract, he failed to insert that said premises were to be conveyed by said defendant, with full release of dower and homestead rights of said defendants, and also neglected to insert, through ignorance as aforesaid, that said defendants were to give up and deliver possession of said premises to complainant June 1, 1890, and although said contract was in fact acknowledged by said defendants, said notary public neglected to affix to the same a

certificate of acknowledgment. It is then ordered, adjudged and decreed that this contract be reformed and rectified so as to read, " that the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed, *including the release and waiver of all rights of dower and homestead*," and by adding a certificate of acknowledgment in due form, including the release and waiver of the right of homestead and dower, by said John J. Dvorak, notary public, tested with his seal at Chicago November 27, 1889. The court then finds that contract was made as reformed, and decrees that within three (3) days from the date of depositing the amount found due with the clerk, said defendants execute a warranty deed conveying said premises, with waiver of all right by virtue of the Homestead Law, and properly acknowledged, likewise waiving said right, and that in default one of the masters of said court execute said conveyance ; and that, upon execution and delivery of said deed, either by defendants or the master, the defendants deliver complete possession of said premises to said complainant, and that in default thereof, writ issue, etc.

Mr. THEO. H. SCHINTZ, for the appellants :

In order that a deed shall pass the homestead right of the grantor it must contain a special release of that right. When the homestead is not specifically named as conveyed, no general language in the deed, though it comprehend every claim, interest and estate of whatever description at law or in equity, in express terms, will pass the right or estop the householder from asserting it as against any one claiming under the deed. *Redfern* v. *Redfern*, 38 Ill. 509 ; *Boyd* v. *Cudderback*, 31 id. 113 ; *Vanzant* v. *Vanzant*, 23 id. 536 ; *Black* v. *Lusk*, 69 id. 70 ; *Best* v. *Gholson*, 89 id. 465.

The requirements of the statute as to the mode of releasing the homestead are matters of substance and not merely of

form, and where the provisions of the statute have not been complied with, the courts can not supply the omission. *Lindley* v. *Smith*, 58 Ill. 250.

A court of chancery will correct a mistake in a conveyance, but will not, under the pretext of correcting a mistake, make that a conveyance which is not in itself a conveyance. *Lindley* v. *Smith, supra.* See also *Murphy* v. *Williamson*, 85 Ill. 149 ; *Russell* v. *Rumsey*, 35 id. 362.

Messrs. CROSS & JINDRICH and Mr. ALEXANDER COLLINS, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Section 1 of chapter 52 of the Revised Statutes provides that the homestead and all right and title therein shall be exempt from the laws of conveyance, descent and devise, except as thereinafter provided. Section 4 of the act provides that no release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance, etc.

It would seem clear, if it was a case of first impression, that a verbal contract not in writing, agreeing to convey the homestead, was, under this statute, without validity ; and if it be true, as alleged in the bill and shown at the hearing, that it was verbally agreed between complainant and the defendants that the homestead should be waived and released, that such agreement could not be specifically enforced, irrespective of whether part of the consideration had been paid or not. But we have been called upon frequently to construe this and similar provisions, and held that in all cases, whatever may be the language of the deed or instrument in writing, that it was invalid as affecting the homestead, unless there had been a

9—144 ILL.

release and waiver of the homestead in the manner prescribed by the statute. *Vanzant* v. *Vanzant,* 23 Ill. 540; *Miller* v. *Myrtle,* 27 id. 405; *Patterson* v. *Kreig,* 29 id. 518; *Pondee* v. *Lindley,* 31 id. 187; *Redfern* v. *Redfern,* 38 id. 509; *Black et al.* v. *Lush,* 69 id. 70; *Best* v. *Gohlson,* 89 id. 466.

Not only must the contract contain a special release of the right of homestead, but it must also be in writing, and subscribed by the person in whose favor the exemption exists, with his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged. It is conceded that the contract in writing, executed by the defendants, contained no release or waiver of the homestead; but it is insisted, first, that the agreement was to convey in fee simple clear of all incumbrances whatever, and, therefore, it is said, necessarily included the release of the homestead estate. This position is met fully in the case of *Redfern* v. *Redfern, supra.* Upon the like insistence in respect of the deed there under consideration, it was said : " But we are bound, in all such cases, whatever may be the general language of the deed, whenever the claim of the homestead is set up, to examine and see if that right has been released or waived in the mode prescribed in the statute." We need not pursue this branch of the discussion farther.

And, second, it is insisted that the verbal agreement between the parties was for the conveyance and release of the homestead estate, and that, by mistake of the scrivener, it was omitted from the written contract, and the acknowledgment likewise omitted. And the general doctrine, that courts of equity will correct and reform instruments in writing to accord with the facts, is invoked. This doctrine is well understood and often applied, but courts of chancery will not, under the pretext of correcting a mistake, " make that a conveyance which is not in itself a conveyance." Thus it was said in *Lindley* v. *Smith,*

58 Ill. 250, in speaking of conveyances by married women, under the statute then in force: "A court of chancery cannot give life to an instrument which has no vitality in itself. A married woman can convey her land only in the manner prescribed by the statute in existence at the time she makes the deed; to make the deed effectual, all the forms and solemnities required by the statute should be observed." So, here, the written instrument was without validity in respect of the estate of homestead of defendants in this property, and the court was without power to vitalize it. As such estate can only be released in writing, subscribed and acknowledged as prescribed by the statute, the attempt of the court to reform the contract in writing, upon proof of the verbal agreement, was in effect to make a new and independent contract affecting a release and waiver of the estate. This can not be done.

Moreover, the court decreed that the notary public who drew the written contract, be required to append his acknowledgment to the instrument as reformed, waiving the homestead in due form of law. This was unauthorized either by the allegations in the bill or proofs. The bill alleges, as amended, that the notary public, through ignorance, neglected to acknowledge the instrument, and the proof shows that there was in fact no acknowledgment. It clearly appears that no one thought it necessary that an acknowledgment should be taken or made, nor was it spoken of or considered in any manner at the time of the execution of the instrument, or thereafter.

We are of opinion that the court erred in reforming the contract and decreeing its specific performance as reformed. It appears affirmatively, that the defendants have always been ready and willing, and offered to convey according to the terms of the written agreement, and that the complainant declined and refused to accept a conveyance without a waiver and release of the homestead estate therein. The estate of homestead is a freehold, and was clearly involved in this liti-

gation. The motion to dismiss the appeal entered in this court will, therefore, be overruled. The decree of the Circuit Court will be reversed and the cause remanded with instructions to dismiss the bill.

*Reversed and remanded.*