## A. N. Kellogg Newspaper Co. v. Corn Belt National Building and Loan Association et al.

1. FREEHOLD—*When It Is Involved.*—When a suit is prosecuted to a final determination, and will, by virtue of the judgment or decree, result in one gaining and the other losing an estate, a freehold is involved.

2. SAME—*Where It Is Involved in Foreclosure Proceedings—Homestead.*—Although ordinarily a freehold is not involved in a foreclosure proceeding, still, if by the defense in the case the homestead is put directly in issue, and the decree awards it, and the assignment of errors in this court also puts it directly in issue, a freehold is involved.

**Bill to Foreclose a Mortgage.**—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge presiding.

Heard in this court at the May term, 1902.    Dismissed.    Opinion filed November 1, 1902.

THORNTON & CHANCELLOR, attorneys for appellant.

ECKHART & MOORE, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by the appellee Corn Belt National Building and Loan Association, to foreclose a mortgage given by the appellees Richmond, husband and wife, for $2,000, the appellant having been made a party in consequence of its interest as a judgment creditor of Samuel A. Richmond.    Appellant answered the bill, showing its judgment against Samuel A. Richmond for $16,943.50, junior to the mortgage; a sale of the premises was had under the execution upon the judgment, previous to which it had paid to appellee Sarah A. Richmond $1,000 in lieu of homestead, the premises not being divisible.    Sarah A. Richmond answered the bill, in which she set up a claim for homestead in the premises, and upon the hearing the court gave its decree of foreclosure, directing a sale of the premises, "subject to the estate in fee, worth $1,000, owned by Sarah E. Richmond," and from this decree appellant has appealed to this court, and to effect a reversal thereof has argued in this court, that the findings and decree of the trial court upon the claim of Sarah E. Richmond to an estate or right of homestead in the premises, and the value thereof, is erroneous.

Appellee Sarah E. Richmond has moved this court to dismiss the appeal herein, for the want of jurisdiction, because a freehold is involved.    In Stodalka v. Novotny, 144 Ill. 125, a homestead was involved, a motion to dismiss the appeal was entered, but the court overruled it, holding that the estate of homestead was a freehold.    A bill by a widow and heirs of a deceased owner of land, against a purchaser under a decree of foreclosure, seeking to establish and set off to them a homestead in the land, was held

to involve a freehold, and an appeal would lie from the final decree directly to the Supreme Court, and a motion to dismiss the appeal was overruled in Snell v. Snell, 123 Ill. 403.

When the suit is prosecuted to a final determination, and will by virtue of the judgment or decree, result in one gaining and the other losing the estate, a freehold is involved. C., B. & Q. R. R. Co. v. Watson, 105 Ill. 217; Van Meter v. Thomas, 153 Ill. 65. Also the reasoning of the court in Franklin v. Loan & Invest. Co., 152 Ill. 345, and cases cited, is applicable to the point here, that a freehold is involved, and is to the effect that, although the suit was for a foreclosure, where, according to the decisions, a freehold is not involved, still if by the defense in the case the homestead is put directly in issue, and the decree awards it, and the assignment of errors in this court also puts it directly in issue, a freehold is involved. The decree in the present case gives to Sarah A. Richmond an estate of homestead. It is from that part of the decree the appeal is taken and prosecuted in this court. The assignment of error puts the right to a homestead directly in issue. Were we to enter upon the decision of the case on its merits, we would be compelled to say that appellee was or was not entitled to such estate, and in that case she would either gain or lose a freehold by the decision of this court. This is clear by the authorities we have cited. A freehold is therefore directly involved. This court has no jurisdiction in such a case. The motion to dismiss the appeal will therefore be sustained, and the appeal will be dismissed with leave to appellant to withdraw the record, abstracts and briefs, if it shall be so advised.