Robert E. Ackerberg, Appellee, *vs.* Charles A. Dies *et al.* Appellants.

*Opinion filed October 27, 1915.*

1. Specific performance—*when decree may require execution of deed with release of homestead.* In decreeing specific performance by husband and wife of a contract by them to convey the premises by warranty deed, with a "waiver and conveyance of all estate of homestead therein," the court may require the execution of a deed with release of homestead, notwithstanding the contract was not acknowledged. (*Hedrick* v. *Donovan*, 248 Ill. 479, adhered to.)

2. Same—*when the court may order defendants to furnish title guaranty policy.* If the defendants to a bill for specific performance agreed in their contract to furnish a title guaranty policy, it is incumbent upon them, if it is beyond their control to perform in that respect, to prove the fact, and in the absence of any proof by them it is not error for the court, in decreeing specific performance, to require them to furnish the policy, or in default to authorize the complainant to procure it and deduct the cost.

3. SAME—*a decree should not leave compliance optional with complainant.* A decree for specific performance should not leave it optional with the complainant whether he will comply with the contract but should provide for payment within 'a short day, and in default of payment within the time specified that all right and interest of the complainant under the contract be extinguished.

4. SAME—*complainant not entitled to credit for payments on costs not properly taxed.* The complainant in a bill for specific performance is entitled to credit for any advancement by way of costs properly taxed where he is successful in his suit, but until the compensation of the master has been regularly fixed and the fees of the stenographer properly certified and allowed he is not entitled to credit for any payment he has made to be applied on such fees.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

VINCENT D. WYMAN, CHARLES E. CARPENTER, and OTTO W. JURGENS, for appellants.

ALFRED A. NORTON, (ALBERT G. MILLER, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county requiring Charles A. Dies and Fredricka Dies, appellants, to specifically perform their contract for the sale of real estate to Robert E. Ackerberg, the appellee. The contract was entered into July 3, 1914. By its terms appellants agreed to sell and convey to appellee the real estate described therein, situated in the city of Chicago, for the sum of $9225. Of this amount $200 was paid upon the execution of the contract, and it was agreed that the sum of $3025 should be paid within five days after the title had been examined and found good. The residue of the purchase price was to be paid by the assumption of a mortgage for $3500 then existing and by appellee giving a second mortgage to secure notes for the remainder of $2500, the contract containing a provision for a rebate of $200 in case the re-

mainder of $2500 should be paid in cash instead of by notes secured by mortgage. The contract provided that appellants should furnish a merchantable title guaranty policy within a reasonable time. On the day following the execution and delivery of the contract appellant Charles A. Dies informed the agent through whom the sale had been negotiated that he would not close the deal. Thereafter, on successive dates, appellee demanded the title guaranty policy provided for by the contract, together with a deed to the premises, and offered to pay the amount due under the terms of the contract. It was stipulated on the hearing before the master that at the time the contract was made, and at all times thereafter, the premises in question constituted the homestead of appellants. The contract provided that appellants should execute and deliver to appellee a good and sufficient warranty deed conveying to appellee a good title to the premises with "waiver and conveyance of all estate of homestead therein." The contract was not acknowledged by appellants. The cause was referred to the master in chancery, who took the proofs and reported his finding for appellee, recommending that a decree be entered as prayed. The court overruled exceptions to the report of the master and entered a decree requiring appellants, within ten days, to deliver appellee a merchantable title guaranty policy guaranteeing title in appellants to the premises, and to execute, acknowledge and deliver a good and sufficient warranty deed conveying to appellee the premises in question, including the release and waiver of the right of homestead, subject to the mortgage for $3500 to be assumed by appellee, and to deliver said deed to appellee upon the payment to them of $5325 in cash, less $124.30 due appellee from appellants as costs of suit, master's fees and stenographer's fees, or upon appellee paying appellants $3025 in cash, less said amount of $124.30, and delivering his two promissory notes for $1000 and $1500, respectively, payable to appellants on or before one and two years, respectively, from July 3, 1914, secured by a

mortgage or trust deed upon the premises in question. The decree further provided that upon the failure or default of appellants to execute, acknowledge and deliver to appellee a deed and a merchantable title guaranty policy within ten days, then the master in chancery should execute and deliver to appellee a deed on behalf of the appellants to the premises, subject to the mortgage for $3500, upon appellee paying the master $5325 in cash, less the amount expended by him in securing a merchantable title guaranty policy guaranteeing appellants' title to the premises, and also less the amount of $124.30 costs, etc., or upon appellee paying in cash $3025, less $124.30, and also less the amount expended by him in procuring a merchantable title guaranty policy, and executing promissory notes aggregating $2500, secured by trust deed or mortgage on the premises in question.

Appellants urge as grounds for reversal, first, that there was no proof of the ability of the appellee to perform on his part; second, that the court erred in decreeing a conveyance which included a release of homestead and the acknowledgment thereof; third, that it was error to require appellants to furnish a title guaranty policy, as that required them to procure an act to be done by a person or corporation over whom they have no control; fourth, that the decree leaves it optional with appellee to perform; and fifth, that no master's and stenographer's fees having been taxed, it was error to order a deduction of $124.30 as costs of suit, master's fees and stenographer's fees, from the purchase price.

The master found and reported that appellee was at all times able and ready to perform his part of the contract, and we think this finding in the report and in the decree is fully justified by the evidence.

The principal point raised and argued by the appellants is, that as the contract which provided for the conveyance of the homestead estate was not acknowledged the decree should not have provided for a release of the homestead and an acknowledgment thereof. Appellee, in his contention

that the decree properly required the conveyance together with the release and waiver of the homestead estate and an acknowledgment thereof, relies upon *Hedrick v. Donovan,* 248 Ill. 479. Appellants rely upon *Stodalka* v. *Novotny,* 144 Ill. 125, and, in effect, ask us to overrule the holding in *Hedrick* v. *Donovan, supra.* This identical question was involved in *Hedrick* v. *Donovan,* and was there decided contrary to the contentions of appellants. We adhere to the decision arrived at in that case, and therefore hold that that part of the decree requiring appellants to make the conveyance, together with the release and waiver of their homestead estate, was proper.

Appellants by their contract agreed to furnish appellee, within a reasonable time after the execution of the contract, a merchantable title guaranty policy, and the decree requires such policy to be furnished and delivered to appellee. Appellants offered no proof whatever on the hearing before the master. It does not appear whether or not they are in possession of a title guaranty policy which they may transfer to appellee, nor does it appear whether there is any firm or corporation from whom such a policy can be procured. The record is silent upon this question. Appellants agreed to furnish and deliver to appellee such a guaranty policy, and if it was beyond their control to perform in this respect it was incumbent upon them to make proof to that effect. Having failed to do so, it was not error for the court to require them to perform the contract as it was made, and in case of their failure to furnish such a title guaranty policy, to permit appellee to procure such a policy and deduct the expense of procuring it from the purchase price.

The contract provided that the purchase price should be paid within five days after the title had been examined and found good. The decree should not leave it optional upon the part of the appellee to comply with its terms or not, as he may choose. The payments provided by the decree to be made by appellee were due and payable to appellants im-

mediately upon the entry of the decree, and the decree should have provided a short day within which such payments should be made by appellee, and further, that in default of payment within the time specified, all right and interest of appellee under the contract should become extinguished. (*Allison* v. *Clark,* Breese, 348; *Thayer* v. *Star Mining Co.* 105 Ill. 540.) The decree should be modified in this particular.

Attached to the report of the master, and unsigned and uncertified, was a bill for the master's and stenographer's fees, amounting to $86.25 for the master and $23.25 for the stenographer. The statute was not complied with in regard to certifying to the necessity of the employment of a stenographer or in procuring an allowance for the compensation of the master. It does not appear that compensation for the master was fixed or any proper allowance for stenographer's fees made and taxed as costs, and it was error for the court to allow appellee to deduct the sum of $124.30 as costs, master's fees and stenographer's fees from the purchase price. Appellee is entitled to credit for any advancement by way of costs properly taxed, but until the compensation of the master has been regularly fixed and the fees of the stenographer properly certified and allowed, appellee is not entitled to credit for any payment he has made to be applied upon such fees.

The decree is erroneous in the two particulars pointed out; in all other respects it is proper. The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed, providing for a short day within which the appellee shall be required to pay the amount found due under the contract, fixing the fees to which the master is properly entitled, to be taxed as costs, and fixing the total amount of all costs paid by appellee which he is entitled to deduct from the purchase price. The costs of this appeal shall be taxed one-half to appellants and one-half to appellee.

*Reversed and remanded, with directions.*