No. 10,358.

THE GRANGE MUTUAL FIRE INSURANCE COMPANY OF COLORADO *v.* PARKER.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Action on fire insurance policy. Directed verdict for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   VERDICT—*Directed.* Where, on the evidence, had the case been submitted to the jury and a verdict returned for the defendant,

it would have been the duty of the court to set it aside, a verdict was properly directed for the plaintiff.

*Error to the District Court of El Paso County, Hon. Arthur. Cornforth, Judge.*

Mr. W. L. BOATRIGHT, Mr. CLIFFORD W. MILLS, for plaintiff in error.

Messrs. ORR & LITTLE, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was plaintiff in an action to recover upon an insurance policy for the loss of a quantity of hay. The court directed a verdict for the plaintiff, and entered judgment accordingly. The defendant in the action brings error, and asks for a supersedeas.

The direction of a verdict is assigned as error, and is the principal question discussed. It is contended by plaintiff in error that the evidence was such that different conclusions could reasonably be drawn from it by different individuals. The rule that in such a case it is error to direct a verdict is well established, but it does not apply in this case. The evidence here in support of the claim is direct and positive, and not subject to differing constructions. The plaintiff, and at least one other witness, testified positively as to the quantity of hay which was burned, and as to the market price of the same. Only one inference can be drawn from that evidence. There was no evidence to the contrary.

The defense introduced testimony as to the quantity of ashes at the site of the fire, and as to the number of baling wires found, which were said to have been removed from the ground upon which the baled hay was burned. None of this testimony, however, was sufficient to enable any one to say how much hay was probably burned. On this evidence had the case been submitted to the jury and a ver-

dict returned for the defendant, it would have been the duty of the court to set such verdict aside. That being so, it was unnecessary to submit the case to the jury. *Chivington v. Colorado Springs Co.*, 9 Colo. 597, 14 Pac. 212. The rule laid down in that case has been approved in numerous subsequent cases in this court.

It is also assigned as error that defendant was not allowed to give evidence of what one of the employes of plaintiff had stated in regard to the disposition of baling wire, etc. The matter was in no sense material, and could have had no substantial effect as evidence. The same is true of the evidence of the plaintiff's wife, which defendant sought to strike out. The court did not err in sustaining the objections in those cases. The order directing a verdict was proper.

The evidence fully sustains the verdict, and the judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.