THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

ARTHUR T. BARTELS ET AL.

*Principal and Surety—Probate Clerk—Acknowledgment of Deeds by—Bond—Conditions—Action on—Pleading.*

1. The taking of the acknowledgment of deeds is not a duty imposed by law upon clerks of probate courts.
2. The obligations of the sureties upon the bond of such officers must be strictly construed; their liability can not be extended by implication.
3. A certificate of acknowledgment of a mortgage made out and signed by such clerk, the same setting forth that the mortgagor was personally known to him, etc., the fact being that another personated the individual in question, is not such an act as will render his sureties liable for any injury arising therefrom.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

The People v. Bartels.

Mr. D. B. SNOW, for the plaintiffs in error.

"Acts done by virtue and authority of office—*virtute officii*—are clearly to be regarded as official acts, and render the sureties responsible; but acts done merely under the color of office, *colore officii*, do not stand upon so clear a ground. The distinction between them has been stated thus : Acts done *virtute officii* are where they are within the authority of the officer, but in doing them he exercises that authority improperly or abuses the confidence which the law reposes in him; whilst acts done *colore officii*, are where they are of such a nature that his office gives him no authority to do them." In support of the text the author cites numerous cases in the notes. Every official act, in its nature ministerial, which is done improperly and in abuse of that confidence which the law reposes in the officer, is a breach of the official bond given by such officer.

"The sureties on the bond of a clerk, conditioned for the faithful performance of the duties of his office, are liable for any failure on his part to perform an official duty." "They are liable for his non-feasance as well as misfeasance.  *  *  *  Where by implication from various statutes the clerk of a court was authorized to receive money upon judgments recorded in his office, it was held that his sureties were liable for money so received by him." Brandt on Suretyship and Guaranty, Sec. 453 and notes. Wharton on Negligence, Sec. 284 and notes; Story on Agency, Sec. 320.

While it is true that sureties who have undertaken to become responsible for the defaults of their principal in respect to a particular office are not liable for the defaults of the same principal in his character as the incumbent of another and independent office, yet even then, if the duties of the second office were by law then made a part of the regular duties of the first, or if the duties of the second office were such as the officer, as the incumbent of the first office, might naturally and legally be called upon to perform, then the sureties upon the bond for the first office are liable to any person injured by the neglect or failure of the officer to properly perform his duty. Mechem's Public Office and Officers, Sec. 285; citing, Hub-

bard v. Elden, 43 Ohio State, 380; VanValkenberg v. Patterson, 47 N. J. L. 146; Satterfield v. People, 104 Ill. 448.

In the case at bar Bartels held but a single office and assumed to take the acknowledgment in question as clerk of the Probate Court. If, as averred in each count of the declaration, this officer made a false and fraudulent certificate of acknowledgment and Cornelia A. Munson was injured thereby, then Bartels did not well and faithfully do and perform all the duties of his office, and he and his bondsmen must respond to an action upon his official bond. As clerk of the Probate Court, in the performance of an official act, he violated an express provision of the statute. The beneficial plaintiff would not have parted with her money had it not been for the certificate of the probate clerk, stating that Goodrich had acknowledged the execution of the mortgage. She knew that the clerk of the Probate Court was duly authorized to take and certify acknowledgments, and had a right to rely upon the certificate made by him and bearing the impress of his official seal. The very object of the bond sued on is to afford indemnity against the use of an official position for wrong purposes, and that which is done under color of office, and which would obtain no credit except from it appearing to be a regular official act, is within the protection of the bond, and must be made good by those who signed it. The People v. Treadway, 17 Mich. 480–485; People v. Butler (Mich.), N. W. Reporter, Vol. 42 (No. 4), p. 271.

As stating the general principles as to liabilities of sureties on official bonds, we cite Adsit v. Brady, 4 Hill, 632; Shearman & Redfield on Negligence, Chap. IX, Secs. 156, 159; Mechem on Agency, Sec. 590 and notes; Amy v. Supervisors, 11 Wall. (U. S ) 136.

As to liability of sureties on bond of officer for false certificate of acknowledgment, Fogarty v. Finlay, 10 Cal. 239; People v. Butler, *supra;* Curtiss v. Colby, 39 Mich. 456; The Governor, etc. v. Ridgway, 12 Ill. 14; Compher v. The People, 12 Ill. 289; Smith v. Peoria Co., 59 Ill. 412.

Many definitions appear in the books of a ministerial act. That given by Clopton, J., in Grider v. Tally, 77 Ala. 422,

The People v. Bartels.

and adopted by Mechem in his work on Public Office and Officers, section 657, is as follows:  "The duty is ministerial when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion.  Official action, the result of performing a certain specific duty arising from designated facts, is a ministerial act.  That a necessity may exist for the ascertainment, from personal knowledge or information derived from other sources, of those facts or conditions upon the existence or fulfillment of which the performance becomes a clear and specific duty, does not operate to convert the act to one judicial in its nature.  Such, it is said, is not the judgment or discretion which is an essential element of judicial action."  Mechem's Public Office and Officers, Sec. 658 and notes; Flournoy v. City of Jeffersonville, 17 Ind. 169.  The taking of an acknowledgment is a ministerial act.  Hill v. Bacon, 43 Ill. 479; Herkelrath v. Stookey, 58 Ill. 24; 1 Jones on Mortgages, Sec. 535; Law of Conveyancing (Martindale), Sec. 256 and notes; Lynch v. Livingston, 6 N. Y. 433.

Mr. M. T. MOLONEY, for defendants in error.

Is this acknowledgment of a deed by an officer a ministerial or judicial act?    If the latter, then his sureties are not responsible.  He may be responsible himself in an action on the case should he act corruptly.  I frankly admit that there is a conflict of authority in the courts of the different States on this subject.  Respectable courts hold diametrically opposite views concerning it.

On the one side are ranged the Michigan and California courts, holding that the act is ministerial.  While confronting them, and equally as respectable, are the courts of last resort of Pennsylvania, Iowa and West Virginia, holding that the act is a judicial one, and that the officer and his bondsmen are not liable, except where the officer acts maliciously or corruptly; then a personal action would lie against him.

Plaintiffs in error in their brief have called the court's attention to the Michigan and California authorities.  I. will call

your Honor's attention to those on my side of the fence.
What, however, is more important to us than anything else in
this discussion is to ascertain how our own courts have decided
the question. I confess I would be more pleased could I point
with pride (as the political hack would say) to a uniformity
in our Supreme Court decisions on the subject. But as I
can not, I can certainly do the next best thing, viz., point to
the fact that the Supreme Court, after once or twice inti-
mating it was a ministerial act, have by an unbroken line of
decisions since the Lickmon case, written by Justice Breese
and reported in 65 Ill. 505, maintained that it is a judicial
act. In every case since the latter was decided and where
the matter came up for adjudication the Supreme Court in-
variably quotes the Lickmon case with approval as being the
law of this State. It is true that in 43 and 58 Illinois reports,
referred to by plaintiffs in error, they seem to hold differently,
but as I have before stated, and as I now without fear reiterate,
that court invariably quotes the Lickmon case with approval.
The language used in the Lickmon case, *supra*, is as follows:
" The magistrate in taking the acknowledgment acts judicially;
the duty is imposed upon him by the law of ascertaining the
truth of the matters about which he is to certify."

Again in 68 Ill. 430, the court say: The magistrate
in taking the acknowledgment acts judicially. A duty is
imposed upon him by the law of ascertaining the truth of the
matter about which he is to certify.

This is *in haec verba*, the language used in the Lickmon case,
and the court in this decision refers to it as well as to one in
42 Illinois.

Again in 69 Ill. 666-72, the court say: We held in
the Lickmon case that the act of the officer was judicial in its
nature and it must have the effect of all such judicial acts.

Again in 100 Ill. 386, our court say: "And in Lick-
mon v. Harding, 65 Ill. 505, we held, in the absence of
proof of fraud and collusion on the part of the officers taking
and certifying the acknowledgment of a deed," etc.

Again, in 107 Ill. 396, the court say: " In Lickmon
v. Harding, 65 Ill. 505, this court held, in the absence of

fraud and collusion on the part of the officer taking and cer-
tifying the acknowledgment of a deed, the officer's certificate,"
etc.

Again, in 118 Ill. 60, the court cites the Lickmon case and
quotes with approval the doctrine there announced.

In the face of these repeated decisions of our own court
affirming and re-affirming the Lickmon case, it can not seri-
ously longer be contended that the certificate of acknowledg-
ment is other than a judicial act.    And see Commonwealth
v. Haines, 97 Penn. St. 228; 39 Am. Rep. 805; citing With-
ers v. Baird, 7 Watts (Penn.), 227; 32 Am. Dec. 754; Jam-
ison v. Jamison, 3 Whart. (Penn.) 457–31; Am. Dec. 536;
Hester v. Glasgow, 79 Penn. St. 79; 21 Am. Rep. 46; Singer
Mfg. Co. v. Rook, 84 Penn. St. 442; 24 Am. Rep. 204;
Henderson v. Smith, 26 W. Va. 829; 62 Iowa, 236.

UPTON, J.   This was an action of debt upon the official
bond of Arthur T. Bartels, as clerk of the Probate Court of
La Salle County, and the sureties thereto, executed in due
form of law.

The declaration contains four counts, and sets forth in
effect that Bartels was the clerk of the Probate Court of La
Salle County, from December, 1882, to December, 1886, duly
elected, commissioned and qualified.

That on or about September 28, 1886, one Ravens was
employed by a person calling himself "Alva B. Goodrich," to
obtain for him a loan of $2,500, which was to be secured by his
note and a mortgage upon certain real estate in La Salle County,
the title to which was then of record in that county, in one
Alva B. Goodrich, who then resided in said county thereon.
That Ravens obtained the loan of $2,500 of Mrs. Cornelia A.
Munson, for whose use this suit is brought.

That a man personating Alva B. Goodrich, executed to
Ravens a promissory note for $2,500, payable to Ravens or
order, and signed the note "Alva B. Goodrich," and at the
same time, to secure the payment of the same, made, exe-
cuted and delivered a mortgage to the said Ravens, of the
aforesaid real estate, which said note and mortgage Ravens

assigned to Mrs. Munson upon receipt of the $2,500, she being in fact the real party in interest. That the mortgage was in fact acknowledged before Arthur T. Bartels as such clerk of such court, and his certificate of such acknowledgment was as follows, viz.:

" STATE OF ILLINOIS, }
County of La Salle, } ss.     I, A. T. Bartels, Clerk of the Pro-
bate Court in and for the County and State aforesaid, do hereby certify that Alva B. Goodrich, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged before me that he signed, sealed and delivered the foregoing instrument as his free and voluntary act and deed for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal this twenty-eighth day of September, A. D. 1886.

[SEAL.]                          A. T. BARTELS,
                          *Clerk of the Probate Court.*"

It is further alleged, that the person who in fact signed and acknowledged the said mortgage, was not the " Alva B. Goodrich " who owned the mortgaged premises, and was not "*personally known to Bartels*," and that this certificate to the said mortgage deed attached, in that regard was *false and untrue*, and that the note and mortgage deed was not signed by " Alva B. Goodrich;" that his name thereto was a forgery, and was so determined and decreed in certain proceedings in equity in said declaration set forth. Hence it is alleged that Bartels did not faithfully do and perform all the duties of his said office as clerk of the Probate Court of said county, as required by law and the condition of his said bond, and in consequence thereof Mrs. Munson has been injured and damaged by such neglect and misconduct of Bartels, and the money so loaned upon the said mortgage security has been wholly lost to her.

To this declaration and the several counts thereof, the defendants in error interposed a demurrer, which being sustained by the trial court, the plaintiffs in error abided the

counts in their declaration, and upon judgment for defendants in error, for costs, being rendered, this writ of error was prosecuted to reverse that judgment.

We are inclined to the opinion that the declaration is insufficient. It is not alleged in either count thereof, that it was the duty of Arthur P. Bartels as such clerk, to take the acknowledgment of the mortgage deed in question, nor are the facts set up and stated therein, of such a nature or character as that a duty can be inferred therefrom, for the breach of which his sureties would be responsible. The condition of the bond is that "The said Arthur T. Bartels shall well and faithfully do and perform the *duties* of his said office," etc. There is no direct averment or allegation in either count of the declaration, that it was a *duty imposed by law upon Bartels as clerk of the said court*, to take the acknowledgment of deeds. Nor are we prepared to hold that the facts as set out in the various counts of the declaration are sufficient in law to constitute a breach of the official bond of Bartels as clerk of the Probate Court of La Salle County, for which his sureties upon the bond are liable.

The duties imposed by law upon the clerk of courts of probate, are clearly set forth and defined in the statute as well as the condition of the bond required by such clerk to be executed for the faithful discharge of those duties. It must be conceded, we think, that the taking of an acknowledgment of a deed or mortgage is not a *duty imposed* upon the clerks of Probate Courts by such law. It is true that by the provisions of Sec. 21, Chap. 30, R. S., concerning " conveyances," clerks of the Probate Courts are among others designated and empowered to take acknowledgments of conveyances as therein provided. This simply authorizes certain officials created under other legislative enactments for judicial and administrative purposes to take acknowledgments of conveyances, and as a matter of public convenience they are required to have an office in some defined locality, for which service compensation is provided by Sec. 18, Chap. 53, R. S., title, "Fees and Salaries."

The taking of the acknowledgment in the case at bar

may well be regarded *as a personal privilege* rather than the discharge of a *duty incident to the office of clerk of the Probate Court,* for dereliction in which his sureties should be held liable.

The obligation of the sureties on Bartels' official bond must be strictly construed; their liability can not be extended by implication. They have the right to rely upon the strict letter of their contract, viz., *the faithful performance of his duties as probate clerk.*

Besides, we think the declaration insufficient, in that the allegation in the various counts thereof are consistent with the good faith of Bartels, and wholly fail to show or aver wilful or corrupt motives on his part. The only count in the declaration wherein any claim is set up that Bartels acted corruptly is the third count, in which after the main recitals and averments is added, " that said certificate of said Bartels is and was to the full knowledge of Bartels false and fraudulent."

This averment is in the nature of a characterization or conclusion from what preceded it; it is not a direct allegation that Bartels, at the time of so taking the acknowledgment, did so corruptly, knowing that the supposed grantor was not the one he personated or purported to be. The rule is that in pleading, every intendment is to be taken most strongly against the pleader. The material averments must be direct and issuable, and not doubtful or uncertain as to what is meant; as here, the particular *part* of the *certificate,* or the *particular fact* therein stated, which is claimed Bartels *knew was false,* should have been particularly set out and stated, and not left to inference. So as to the *time* of such knowledge by Bartels; that should have been stated and set forth definitely.

These facts became material and were of the essence of the act charged to constitute appellee's liability. There is still another view pressed upon our consideration, important to be considered in the determination of the case at bar, and that is whether the act of taking the acknowledgment of a deed or mortgage is in its nature by the law of this State ministerial or judicial.

The People v. Bartels.

It must be confessed upon this question there is some apparent conflict of authority in this State as well as elsewhere.

In this State in Hill v. Bacon, 43 Ill. 479, it was held that the act of taking an acknowledgment of a deed is a mere *ministerial* act, and can be taken by a notary public anywhere within the limits of the county. In Herckelrath v. Stookey, 58 Ill. 21, the question was as to the power of a police magistrate to take acknowledgments of chattel mortgages. The court said *arguendo*, " Nor is it an objection that the act is ministerial and not judicial."

In Lickmon v. Harding, 65 Ill. 505, the court say : " The magistrate in taking the acknowledgment acts *judicially*.

In Canal & Dock Co. v. Russell, 68 Ill. 426, the act of taking an acknowledgment is declared to be a *judicial act.*"

In Kerr v. Russell, 69 Ill. 666–72, the court say : " We held in the Lickman case, *supra*, that the act of the officer (in taking an acknowledgment) was judicial in its nature, and it must have the effect of all judicial acts."

It thus appears that the court of last resort in this State, by its most recent decisions, regard the taking of an acknowledgment of a conveyance of land to be in the nature of a judicial act, and as such must have the effect of other judicial acts. To the same effect is the case of Wasson v. Glasgow, 79 Penn. St., and the cases therein cited.

It must be conceded if Bartels' action in taking the acknowledgment in question were in their nature judicial acts, then neither Bartels nor his sureties would be liable in this action, and the court below properly sustained the demurrer.

The principle of non-responsibility attaches to all judicial acts so far as respects a civil remedy, except it may be in cases where the officer acts corruptly and maliciously, in which case an action on the case might lie against such officer. Nor does this principle or rule of protection depend upon whether the tribunal or officer acting is a *court* or *not; it is the nature of the duties to be performed* that determines its application. Wall v. Trumbull, 16 Mich. 234.

As to whether the sureties are liable for wilful or corrupt

acts of their principal in the case at bar—if such acts there are- -we need not determine, as the other questions presented are sufficient in our judgment to sustain the judgment of the court below without regard to that point.

*Judgment affirmed.*

C. B. Smith, P. J., dissenting. I do not concur either in the reasoning or conclusions of the majority of the court. I think the declaration stated a good cause of action.