ARTHUR T. BARTELS ET AL.

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Principal and Surety—Clerk of Court—Action of Debt on Bond of—False Certificate of Acknowledgment—Mortgagee a Party to the Fraud —No Defense as Against Assignee—Pleading.*

In an action of debt upon the bond of a clerk of a Probate Court, to recover damages for injury done plaintiff by the execution of a false cer-

tificate of acknowledgment to a mortgage by the clerk, the plaintiff being an assignee of the mortgagee, this court holds that the fact that the mortgagee, plaintiff's assignor, assisted in the execution of the fraud, was no defense.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. M. T. MOLONEY, for appellants.

That the doctrine of estoppel attaches to a case of this kind would seem to be unquestionable. The conduct of the mortgagee has all the elements and characteristics of what goes to constitute an estoppel *in pais*. Our Supreme Court say, in the 38th Ill., in the case of Smith v. Newton, at p. 235: " A much broader scope has been given to the doctrine of estoppels *in pais* in this country and in England, than formerly obtained, and have established that whenever an act is done, or a statement made by a party, which can not be contradicted or contravened without fraud on his part and injury to others, whose conduct has been influenced by the act or admission, the character of an estoppel will attach to what would otherwise be mere matter of evidence, and it will become binding upon a jury, even in opposition to proof of a contrary nature. 2 Smith's Leading Cases, 542. As was said by the court in Dazell v. Odell, 3 Hill (N. Y.), 219, in order to create an estoppel *in pais*, or equitable estoppel, as now understood, there must be an admission intended to influence the conduct of the man with whom the party is dealing, and actually leading him into a line of conduct which must be prejudicial to his interest, unless the party estopped be cut off from the power of retraction."

With reference to estoppels *in pais*, or equitable estoppels, of course the doctrine is laid down that so far as they affect real estate such can only be interposed in a court of equity; but that rule has no application to the case at bar.

The doctrine of estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result. There must be decep-

tion on one side and acquiescence therein on the other. In a word, first, the actions or attempts made must have been designed to influence, and did influence, the conduct of another; second, that the party had been fully apprised of his rights at the time he made admissions or acted in such manner, for which he is sought to be estopped. Of course there is a class of cases which hold that no estoppel will arise in the absence of actual fraud, unless in a case where the purchaser was destitute of all actual knowledge of the true state of the title, and also of the means of acquiring such knowledge.

In the case at bar the mortgagee, Ravens, falsely represented to the officer that the man whom he introduced to him was Alva B. Goodrich; that he knew it to be false at the time he made the statement; that he was not in deed and in fact Alva B. Goodrich, but some other and different person. He falsely represented to him that he was the owner of the land in question, and that he knew it to be false; that Bartels, relying on his actions and conduct took the acknowledgment in question, in the manner in which he did; that such false and fraudulent representations made by a party in interest inducing a certain line of conduct on the part of another, estops him from now alleging the contrary. See Mills v. Graves, 38 Ill. 455; Smith v. Newton, 38 Ill. 230; Davidson v. Young et al., 38 Ill. 146.

Again, let me call the court's attention to another feature of this case which would seem to me conclusive as against the rights of the mortgagee, or anybody claiming through the mortgagee in this cause. If I am right in my contention that the assignee of the mortgagee stands in no better position than the mortgagee did, then the law requiring an officer, when taking an acknowledgment to a mortgage deed, to certify that the mortgagor is personally known to him, can be designed to protect the mortgagee only from any departure from the strict letter of the law. He is the party and only party that can be injured by the act of the officer, in not strictly complying with the law, because, certainly, his assignee must look out for any defenses that

might be interposed, because of the misconduct of his assignor, the mortgagee. Now, then, if this statute is designed for the protection of the mortgagee, can not he waive his rights in relation to this matter? He is the only party interested, and if he goes to the officer and tells the officer in express words, that he is ready and willing to accept an acknowledgment of the kind indicated by himself, he loaning the money at the time, there ought to be no good reason why he should not have the privilege of waiving any law designed for his benefit.

Messrs. Mayo & Widmer and D. B. Snow, for appellees.

" It is well settled that where the law imposes on a public officer the performance of ministerial duties, in which a private individual has a special and direct interest, the officer will be held liable to such individual for any injury which he may proximately sustain in consequence of the failure or neglect of the officer either to perform the duty at all or to perform it properly." Mechem's Public Officers, Sec. 664, and notes.

It is no defense to such an officer, upon whom the law has imposed the positive duty of performance, that he was mistaken as to the nature or extent of his obligation, or that he acted in entire good faith and with honest intention to do his duty. Amy v. Supervisor, 11 Wall. (U. S.) 136; Mechem's Public Officers, Sec. 670.

Counsel inquire : " Can a person having money to loan, by his false and fraudulent statements induce an officer to do an act not strictly in the manner in which the law requires it to be done, and then take advantage of his own false and fraudulent representations, repudiate his own conduct, and recover as if he was an innocent party ? " We answer, perhaps he could and perhaps he could not. That question is not presented by this record. Ravens, the person alleged to have made these false and fraudulent representations, is not seeking either to repudiate his own conduct or to recover in this action.

The question concedes that an innocent party may recover, and the beneficial plaintiff is that innocent party.

Counsel add : " If the mortgagee, or the person loaning the money, under the above state of facts, can not recover of the officer or his sureties, the assignee of the mortgage stands in no better position. "

Let us see. It is sought to apply the doctrine of estoppel *in pais* to the mortgagee (Ravens), and it is urged in effect that the assignment of the mortgage and note in some way carries with it to the assignee this estoppel.

A series of tales, divided into chapters and marked pleas, tell the court how the naughty Ravens belabored the unsuspecting officer by smooth and enticing lies to make and subscribe a certificate of acknowledgment which he (the officer) knew to be false in every word and line, and thus to openly and knowingly violate the law, for he was bound to know that the statute absolutely prohibits him from taking and certifying any acknowledgment, " unless the person offering to make the acknowledgment shall be personally known to him to be the real person who and in whose name such acknowledgment is proposed to be made." 1 Starr & C. Ill. Stats., Chap. 30, Sec. 25.

MR. JUSTICE CARTWRIGHT. This is an action of debt brought by the people for the use of Cornelia A. Munson, against Arthur T. Bartels and the sureties, upon his official bond as clerk of the Probate Court of La Salle County. The court sustained a demurrer to the declaration and rendered judgment for costs against Cornelia A. Munson, for whose use the suit was brought. That judgment was affirmed by this court and the case is reported in 38 Ill. App. 428. An appeal was prosecuted to the Supreme Court, where it was held that the facts stated in the declaration were sufficient to constitute a breach of the bond, and the judgments of this court and the Circuit Court were reversed, and the cause was remanded to the Circuit Court for further proceedings. People for use of Munson v. Bartels et al., opinion filed June 15, 1891, N. E. Rep. Vol. 27, page 1091.

When the case went back to the Circuit Court, the

demurrer to the declaration was overruled, the declaration was amended by changing the name of the beneficial plaintiff to Cornelia A. Munson Goldthwaite, because of her marriage, and an additional count was filed differing only from the original counts particularly described in the opinion of the Supreme Court, in that it alleged that the mortgage and note were purchased by the beneficial plaintiff from Ravens, the mortgagee. A great many pleas were filed by appellants. There was a plea of *non est factum*, a plea that Alva B. Goodrich did not own the mortgaged land, and a plea denying the forgery of the note and mortgage, and upon these pleas issues were made. The remaining volume of matter filed as pleas consisted of substantial repetitions in the various pleas of the same averments. These pleas, admitting that the note and mortgage were forgeries, and that the certificate of Bartels was false, sought to defend the action on the ground that he was misled into signing the false certificate of acknowledgment of the mortgage, by the false and fraudulent misrepresentations of George W. Ravens, who, it is alleged, introduced the person who personated Alva B. Goodrich, the supposed mortgagor, and assured Bartels that such person was Goodrich, whereupon Bartels, acting in good faith, made the false certificate. In some of the pleas it was alleged that Ravens had in his hands as agent for the beneficial plaintiff, for the purpose of loaning the same, the moneys paid for the note and mortgage. To all these pleas demurrers were sustained, either on demurrer thereto, or by carrying back demurrers of appellants to replications filed to such pleas. A jury was waived, and on a trial by the court the issues were found for plaintiff, and the debt was found $5,000, and the damages were assessed at $3,240.60, and judgment was entered for the debt to be discharged on payment of the damages.

The only question presented to the court on this appeal relates to the action of the Circuit Court in sustaining demurrers to the pleas as above stated. It is claimed that the court was in error, on the ground that if Ravens induced the

performance of the wrongful act, he could not recover damages for the performance of it, and that Mrs. Goldthwaite occupies no better position as his assignee than he would occupy if the suit had been brought by him. The position is not tenable. Averments that Ravens exercised such persuasive powers as to induce Bartels to make a false certificate will not avail as a defense. If the party personating Goodrich was introduced by Ravens and the assurance was given as averred, it would afford no excuse for the certificate. ·The statute pointed out the way in which Bartels should have acted in that event, and the form of certificate of acknowledgment to be made. The statute protects persons dealing with property, affected by the instrument acknowledged, against a violation of the statute. It was averred in the declaration that Mrs. Goldthwaite was deceived and injured by the certificate of acknowledgment made by Bartels, which was false, and made in violation of the statute. This was not a claim which Ravens had, and which passed to her by the assignment. It was neither property, nor a right in property transferred to her by Ravens by means of the assignment. She was the only one who was alleged to have suffered an injury in consequence of the unlawful act, and her right to recover for that injury was not derived through Ravens.

No argument is made in support of the pleas alleging that Ravens had money belonging to Mrs. Goldthwaite to loan, ·and that he made the false representations as her agent. They may therefore be regarded as abandoned; but it is clear that the alleged false representations of identity of an individual were not within the scope or apparent scope of authority of one intrusted with funds to loan, and that such representations would afford no defense for making an admittedly false certificate in violation of official duty.

The pleas to which demurrers were sustained presented no defense to the declaration. The judgment will be affirmed.

*Judgment affirmed.*