ARTHUR T. BARTELS *et al.*

*v.*

THE PEOPLE *ex rel.* Cornelia A. M. Goldthwaite.

*Filed at Ottawa October 29, 1894.*

1. ACKNOWLEDGMENT—*liability of officer for falsely taking.* Persons dealing in property affected by instruments which require acknowledgment, are protected against the consequences of false acknowledgments made by officers.

2. SAME—*rights of assignee of such an instrument.* The right of action of the assignee of a mortgage which an officer falsely acknowledges, is not a right derived through the assignor of the mortgage by the assignment, but is original, against the delinquent officer.

3. SAME—*liability not affected by representations of agent.* Representations to the acknowledging officer of the identity of the person signing are not within the scope, or apparent scope, of authority of one entrusted with funds to loan, and will not bar recovery by the owner of the funds.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. M. T. MOLONEY, for the plaintiffs in error.

Mr. D. B. SNOW, for the defendant in error.

Per CURIAM : This case has heretofore been before us, and is reported as *The People, for the use of Cornelia A. Munson* v. *Arthur T. Bartels et al.* 138 Ill. 322. As will be seen by reference to the decision as thus reported, the judgments of the Appellate and circuit courts were reversed, and the cause was remanded to the circuit court, where judgment has been rendered in favor of the plaintiff, and such judgment has been affirmed by the Appellate Court. The present appeal is prosecuted from the judgment of affirmance so entered by the Appellate Court. In giving its reasons for affirming the judgment of the circuit court, the Appellate Court delivered the following opinion :

"This is an action of debt, brought.by the People, for the use of Cornelia A. Munson, against Arthur T. Bartels and the sureties upon his official bond as clerk of the probate court of LaSalle county. The court sustained a demurrer to the declaration, and rendered judgment for costs against Cornelia A. Munson, for whose use the suit was brought. That judgment was affirmed by this court, and the case is reported in 38 Ill. App. 428. An appeal was prosecuted to the Supreme Court, where it was held that the facts stated in the declaration were sufficient to constitute a breach of the bond, and the judgments of this court and the circuit court were reversed, and the cause was remanded to the circuit court for further proceedings. (*People, for use of Munson* v. *Bartels,* 138 Ill. 322.) When the case went back to the circuit court the demurrer to the declaration was overruled, the declaration was amended by changing the name of the beneficial plaintiff to Cornelia A. Munson Goldthwaite, because of her marriage, and an additional count was filed, differing only from the original counts particularly described in the opinion of the Supreme Court in that it alleged that the mortgage

and note were purchased by the beneficial plaintiff from Ravens, the mortgagee.

"A great many pleas were filed by appellants. There was a plea of *non est factum*, a plea that Alva B. Goodrich did not own the mortgaged land, and a plea denying the forgery of the note and mortgage, and upon these pleas issues were made. The remaining volume of matter filed as pleas consisted of substantial repetitions in the various pleas of the same averments. These pleas, admitting that the note and mortgage were forgeries and that the certificate of Bartels was false, sought to defend the action on the ground that he was misled into signing the false certificate of acknowledgment of the mortgage by the false and fraudulent misrepresentations of George W. Ravens, who, it is alleged, introduced the person who impersonated Alva B. Goodrich, the supposed mortgagor, and assured Bartels that such person was Goodrich, whereupon Bartels, acting in good faith, made the false certificate. In some of the pleas it was alleged that Ravens had in his hands, as agent for the beneficial plaintiff, for the purpose of loaning the same, the moneys paid for the note and mortgage. To all these pleas demurrers were sustained, either on demurrer thereto, or by carrying back demurrers of appellants to replications filed to such pleas. A jury was waived, and on a trial by the court the issues were found for plaintiff, and the debt was found $5000 and the damages were assessed at $3240.60, and judgment was entered for the debt, to be discharged on payment of the damages.

"The only question presented to the court on this appeal relates to the action of the circuit court in sustaining demurrers to the pleas, as above stated. It is claimed that the court was in error, on the ground that if Ravens induced the performance of the wrongful act he could not recover damages for the performance of it, and that Mrs. Goldthwaite occupies no better position as his assignee than he would occupy if the suit had been brought by

him. The position is not tenable. Averments that Ravens exercised such persuasive powers as to induce Bartels to make a false certificate will not avail as a defense. If the party personating Goodrich was introduced by Ravens and the assurance was given as averred, it would afford no excuse for the certificate. The statute pointed out the way in which Bartels should have acted in that event, and the form of certificate of acknowledgment to be made. The statute protects persons dealing with property affected by the instrument acknowledged against the violation of the statute. It was averred in the declaration that Mrs. Goldthwaite was deceived and injured by the certificate of acknowledgment made by Bartels, which was false, and made in violation of the statute. This was not a claim which Ravens had, and which passed to her by the assignment. It was neither property nor a right in property transferred to her by Ravens by means of the assignment. She was the only one who was alleged to have suffered an injury in consequence of the unlawful act, and her right to recover for that injury was not derived through Ravens.

"No argument is made in support of the pleas alleging that Ravens had money belonging to Mrs. Goldthwaite to loan, and that he made false representations as her agent. They may, therefore, be regarded as abandoned. But it is clear that the alleged false representations of identity of an individual were not within the scope, or apparent scope, of authority of one intrusted with funds to loan, and that such representations would afford no defense for making an admittedly false certificate in violation of official duty. The pleas to which demurrers were sustained presented no defense to the declaration.

"The judgment will be affirmed."

Concurring in the views expressed in the foregoing opinion, we adopt the same as the opinion of this court. For the reasons therein set forth the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*