PIERCE WILSON, Appellee, v. JOSEPH P. GRIBBEN and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellants.

**Acknowledgment of instruments:** FALSITY OF CERTIFICATE: PLEADINGS. The petition in an action against a notary and his bondsmen for damages because of a false certificate of acknowledgment of an instrument, which alleges that the certificate was false and untrue, that the grantor never appeared before the notary and made acknowledgment, and that the notary knew these facts

when he made the certificate, sufficiently alleges the falsity of the certificate of acknowledgment.

**Same:** LIABILITY OF NOTARY AND SURETIES. A notary who falsely certifies to the acknowledgment of an instrument is liable in damages to the party injured thereby; and the act being done in his official capacity the sureties on his bond are also liable.

**Same:** ASSIGNMENT OF MORTGAGE: FAILURE TO RECORD: EFFECT. The assignee of a mortgage may rely upon the truth and regularity of the certificate of acknowledgment to the mortgage and the sufficiency of the notice imparted by the record of the same; and his failure to record the assignment will not bar his right of action against the notary and his sureties because of a false acknowledgment rendering the record thereof insufficient notice to charge a subsequent purchaser.

**Same.** Where a notary's certificate of acknowledgment was affixed to a mortgage before it was recorded, the fact that the instrument was assigned before the certificate was so affixed will not bar the assignee's right of action against the notary and his sureties for the falsity of the certificate.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, OCTOBER 17, 1911.

THE opinion sufficiently states the case. *Affirmed.*

*A. W. Enoch* and *Wilson & Smith,* for appellants.

*Frank S. Payne,* for appellee.

WEAVER, J.—On May 9, 1906, one Evans made and delivered his promissory note to the Clark & Peatman Investment Company, and to secure payment of the same Evans and wife signed and delivered to the payee a mortgage on real estate owned by them, which mortgage was entered of record. It is shown, however, without serious dispute, that although said mortgage purported to have been acknowledged by the grantors before the defendant

Gribben as notary public, it was never in fact acknowledged, that 'the certificate of acknowledgment indorsed thereon was false, and that by reason of said defect such record did not operate as constructive notice of the incumbrance to. subsequent purchasers.

Gribben was a duly appointed and acting notary public, and the defendant company was at the time in question surety upon his official bond. Soon after the execution of the mortgage the Clark & Peatman Company sold it to the plaintiff herein. The assignment was evidenced by a written memorandum indorsed on the note and mortgage, and on the margin of the record of the mortgage, but was not acknowledged or recorded. Thereafter Evans and wife sold and conveyed the property to one Smith, who took the title and paid the full purchase price without knowledge or notice of the mortgage. Later plaintiff sought to foreclose the mortgage, which action was resisted by Smith, who was found and decreed to be a purchaser of the property without notice of the incumbrance, and foreclosure denied; but personal judgment was rendered against Evans, who is without property against which the same can be enforced. Alleging the facts above recited, plaintiff brings this action to recover his damages upon Gribben's official bond. The defendants, separately answering, deny all the allegations of the petition. A jury being waived, the cause was tried to the court; the evidence developing the situation we have already outlined. Judgment was entered for the plaintiff as prayed, and defendants appeal.

I. Defendant makes the point that the petition does not state a cause of action, in that it fails to allege that the act of the notary in making the certificate of acknowledgment was wrongful, false, or negligent, or that he knowingly misstated any matter of fact therein set forth. It would seem, from this objection, that counsel have read the petition with slight care; for it is there specifically

1. ACKNOWLEDGMENT OF INSTRUMENTS: falsity of certificate: pleadings.

alleged that the certificate was false and untrue, that in truth the mortgagor never appeared before said notary, nor made acknowledgment of said mortgage before him, and that said false certificate was made by such notary, well knowing that no such appearance or acknowledgment had been made. The sufficiency of this allegation was not challenged in the court below, as, indeed, it could not well have been, and we have no hesitation in holding that it is not subject to any well-founded exception in this court.

If the certification of acknowledgment was false or untrue, and plaintiff thereby sustained any loss, then upon the plainest and most elementary principles of law he 2. SAME: liability of notary and sureties. whose wrongful act caused the injury will be held to respond in damages. Moreover, the act complained of was one done by the notary in his official capacity, and was a clear violation of his obligation on his bond.

II. The point most strongly insisted upon by appellants is that if plaintiff has sustained any loss it is chargeable to his own negligence in failing to have the assignment of the mortgage duly recorded· and 3. SAME: assignment of mortgage: failure to record; effect. that for damages thus occasioned there is no liability on the bond. In our judgment the proposition is unsound. The defendants are not in the position of subsequent purchasers or creditors for whose benefit the recording acts are designed. They are called upon to answer for a wrongful act by which plaintiff lost the lien of his mortgage. He had a right to assume the truth and regularity of the certificate of acknowledgment· and the consequent sufficiency of the constructive notice imparted by the record. Had the certificate not proven to be false, he could have rested securely upon the sufficiency of the record of the mortgage, and the subsequent changes of title to the mortgaged property would not have affected his lien. Under such circumstances the officer making the false certificate will not be permitted

to deny his liability, because the injured person should not have so implicitly relied upon the truth of his certification.

Counsel for appellant has given much attention to a discussion of the evidence concerning the exact date when the assignment was made, and the date when the certificate of acknowledgment was in fact made; but we are unable to see that these matters are of controlling importance. Even if we assume (which is not shown) that the certification was not made until after the assignment of the mortgage, the liability of the defendants would not thereby be negatived. It was certainly made before the instrument was recorded, and plaintiff could rightfully rely upon it and upon the record so secured. His loss is the same in either case, and it is occasioned by the same alleged wrongful act.

4. Same.

The judgment appears to be right, and it is *affirmed*.