## JOHN G. BACH

vs.

## MILDRED H. STOCKING

Superior Court    New Haven County    File #11435
(At Waterbury)

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Jacob H. Bellin,                    Attorney for the Plaintiff.

Joseph Perlmutter,                  Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 20, 1936.

O'SULLIVAN, J. This is an action to recover damages because of the negligent and unlawful discharge by the defendant of her duty as a notary public in certifying that one Margaret M. Broderick personally appeared before her and acknowledged that she was the signer and sealer of a mortgage deed in which the plaintiff was named as mortgagee. Not only was Mrs. Broderick not present when her purported acknowledgment was taken, but the signature upon the mortgage deed was actually a forgery. The defendant's act was occasioned by a request from Mrs. Broderick's husband, who at the time held a reputation of high integrity in the community where he lived, and who was well known by the

defendant. Broderick induced the plaintiff to loan twenty-three hundred dollars ($2,300.00) on the security of the mortgage but no part of this sum was ever given to Mrs. Broderick, nor did she know anything of the transaction until the money had been dissipated by her husband. For sometime Broderick paid to the plaintiff the interest due upon the loan, but after three years he ceased so doing. About that time the plaintiff discovered the irregularity and on June 29, 1935, he instituted the present action.

Eliminating for the present the merits of a special defense, there can be no serious challenge to the liability of the defendant. A notary who falsely certifies to the acknowledgment of an instrument to the detriment of an innocent party is liable in damages to the one injured thereby. **Wilson vs. Gribben, 152 Ia., 379; Bartels vs. Goldthwaite, 152 Ill., 557; Kangley vs. Rogers, 85 Wash., 250.** A notary is required to exercise the care and diligence of a reasonably prudent notary under the circumstances. **Green vs. Johnson, 123 Ky., 437; Barnard vs. Shuler, 100 Minn., 289.**

Manifestly the defendant ignored this duty and as this breach was a proximate cause of loss to the plaintiff, she must be held liable unless protected by the special defense setting up the statute of limitations.

In 1929 when the false acknowledgment was taken, the statute applicable to cases of this character provided that they must be brought within six years next after the right of action accrued. **General Statutes, Rev. of 1918, Sec. 6154.**

In view of the conclusions of the Court, it becomes immaterial whether the cause of action accrued to the plaintiff as of the date of the acknowledgment or when he ought to have discovered the fraud perpetrated upon him. See **Bank of Hartford County vs. Waterman, 26 Conn., 324.**

In 1935, the Legislature set a limit of three years within which an action of the type in question may be brought. This act went into effect July 1st, 1935, during the pendency of the present action.

A common law action predicated on negligence involves a vested right. **Siller vs. Siller, 112 Conn., 145.** Any attempt on the part of the Legislature to abolish that right in its entirety cannot operate retrospectively. Statutes of limita-

tion affecting existing rights by shortening the time previously allowed for bringing actions are unconstitutional unless in each case a reasonable time, taking all the circumstances into consideration, is permitted for the commencement of a suit before the bar of the statute takes effect. **Fitzgerald vs. Scovil Mfg. Co., 77 Conn., 528.**

The instant case presents a situation where the act of 1935 is entirely ineffectual to protect the defendant against liability. Even were the action not pending, the plaintiff would have had a right within a reasonable time after the passage of the act to have instituted the suit so long as the time was within the original six-year limitation.

Judgment may enter for the plaintiff to recover of the defendant Two Thousand and Seventy-six ($2,076.00) Dollars.